# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH L. VAN PATTEN,**

**Petitioner,**

    **v.**

                                      **Case No. 98-C-1014**

**JEFFREY ENDICOTT, Warden,**
**Redgranite Correctional Institution,**

**Respondent.**

---

## DECISION AND ORDER

---

The petitioner, Joseph Van Patten ("Van Patten"), is currently in the custody of Randall Wright, Shawano County Sheriff. Van Patten was transferred to Wright's custody after the Seventh Circuit entered an order which reversed this Court's order with respect to his petition for a writ of habeas corpus. Subsequently, the Supreme Court of the United States vacated the Seventh Circuit's decision and remanded the case to the Seventh Circuit for further consideration in light of *Carey v. Musladin*, 549 U.S. ___ (2006) (No. 05-785). The matter remains pending in the Seventh Circuit.

In the meantime, the Respondent (Randall Wright) has moved for authorization to transfer Van Patten to the custody of Jeffrey Endicott, warden of Redgranite Correctional Institution. Pursuant to Fed. R. App. P. 23(a),

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering

the decision under review may authorize the transfer and substitute the successor custodian as a party.

Rule 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision." *Mitchell v. McCaughtry*, 291 F. Supp. 2d 823, 835 (E.D. Wis. 2003).

In essence, Van Patten was transferred to the custody of the Shawano County Sheriff pending review in the Supreme Court because his judgment of conviction had been vacated. Now that the Supreme Court has vacated the Seventh Circuit's decision, the original judgment of conviction has been reinstated. Pursuant to that judgment of conviction, Van Patten's proper locus of custody is in the Wisconsin state prison system.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.      Respondent's motion to transfer Van Patten to Redgranite Correctional Institution [Docket No. 77] is **GRANTED**;

2.      Jeffrey Endicott, Warden of Redgranite Correctional Institution, shall be substituted for Randall Wright as the proper Respondent and custodian in this action. The Clerk of Court is directed to amend the caption accordingly, which the Court has done in the caption for this Order.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2007.

> **SO ORDERED,**
>
> s/Rudolph T. Randa
> **HON. RUDOLPH T. RANDA**
> **Chief Judge**